JONES *v.* STATE OF INDIANA

[No. 30,355. Filed January 23, 1964.]

*Richard H. Montgomery*, of Seymour, for appellant.

*Edwin K. Steers*, Attorney General, and *Edgar S. Husted*, Deputy Attorney General, for appellee.

LANDIS, C. J.—Appellant was indicted for murder in the perpetration of a robbery and after a trial by jury was convicted of murder in the first degree and sentenced to life imprisonment.

The first contention on this appeal is that the verdict is not sustained by sufficient evidence.

To consider this question we must review the evidence most favorable to appellee (the State) which was as follows:

On November 14, 1961, appellant and his brother, Robert A. Jones, were hitchhiking from Chicago to Chattanooga, Tennessee, when sometime after dark they were picked up by the victim, Gerald Shibe, in his 1957 Cadillac automobile on U. S. 21 near Columbus, Indiana. Robert A. Jones got into the back seat of the car and appellant entered the front seat. As they proceeded south near the intersection of U. S. 31 and U. S. 50 near Seymour, the victim Shibe told Robert A. Jones and appellant that he had to make a right turn into Seymour as that was where he lived, that thereupon appellant's said brother using a 25 cal. automatic pistol, pulled the gun on the victim Shibe and stated he was intending to rob him and ordered Shibe to drive the car as he was directed. After driving through Seymour to a point about three miles west of town, appellant's brother ordered Shibe to pull over, stop, give the keys to him and get out of the car. In his statement appellant states that he remained in the car while his brother marched the victim Shibe out across a field and disappeared. That appellant's brother was gone for some time and thereafter came back to the car alone and told appellant to drive on. Appellant states he replied: "We'd better get out of this car. This man may report this," to which his brother replied: "The old man won't report this for a long time." The brother gave appellant the keys and appellant shortly thereafter told his brother he had better get out of his army uniform as someone may have seen him and might recognize the uniform. The brother changed into civilian clothes and while the car was being driven by appellant, the car was stopped, the brother got out and threw the army uniform over a fence in a woods. The brother came back to the car and they proceeded on down the highway. Evidence was introduced that on the 15th or

16th of November 1961, the appellant drove Shibe's Cadillac automobile into a filling station at Tiptonia, Tennessee, and signed Shibe's name to an invoice for a credit card purchase of gasoline, and thereupon obtained gasoline by means of the stolen credit card.

The deceased's Shibe's body was found on November 30, 1961, near Seymour, Indiana, by an 81 year old retired railroader who was out hunting rabbits and was attracted to the body by the barking of his dogs. The body was found lying face down near a tree about 300 feet north of U. S. road 50 approximately three miles west of the city of Seymour. Upon the coroner's arrival on the scene the body was found to be frozen solid with two small holes in the head near the base of the skull. The doctor performing the autopsy testified Shibe died from two gunshot wounds from a 25 cal. pistol, and removed the two bullets in question from the brain. He further testified that in his opinion it would have been impossible for appellant to have shot himself twice. A state police officer investigating at the scene found two empty 25 cal. cartridge casings within a few feet from where the body was found. The two casings above mentioned and one of the bullets removed from the victim's brain were found from microscopic examination to have been fired from the pistol used by appellant's brother.

On December 1, 1961, appellant and his brother were arrested by police officers in Gadsden, Alabama, and appellant was returned to Jackson County, Indiana, for trial. The brother was detained in Tennessee by authorities. On appellant's return to Indiana he was taken by officers to the spot west of Seymour, Indiana, where deceased's body had been found and appellant stated when they got to the scene: "Yeah, that's where it hap-

pened, over there," and pointed over in the field to the tree. ·

Appellant concedes in his brief that the evidence is sufficient to show that at the time in question appellant's brother at gunpoint ordered decedent to get out of his Cadillac automobile and to march to a tree about 285 feet north of the road where he shot him twice in the head with the automatic pistol and killed him. That the victim's wallet was missing when his body was found some two weeks later. That appellant's brother returned to the car after killing decedent and requested appellant to drive on, which appellant did.

Appellant contends, however, there was no evidence the appellant killed or intended to kill the decedent nor that he intended to rob him.

In this case appellant was charged with the murder of deceased while in the perpetration of a robbery, and under the felony murder statute it was not necessary for the State to prove appellant had the intent to kill. When the killing is accomplished in the perpetration of or attempt to perpetrate robbery, the homicide is murder in the first degree, even though there is no actual purpose or intent to kill. See: 15 I. L. E., Homicide, §17, p. 302.

Appellant's counsel argues appellant had no intention to rob the victim Shibe and that there is no evidence from which it could be inferred that appellant joined or aided or abetted[1] in the robbery of deceased until after decedent's death and that robbery contemplates a living victim.

---

1. Under Burns' §9-102 (1956 Repl.), every person who aids or abets in the commission of a felony, or counsels or encourages or otherwise procures a felony to be committed, may be charged and convicted in the same manner as if he were a principal. (Acts 1905, ch. 169, §224, p. 584.)

However, the evidence heretofore recited favorable to the State indicates that shortly after appellant and his brother were picked up as hitchhikers by the victim Shibe, appellant's brother pulled the gun on Shibe and stated he was intending to rob the latter. Appellant also admitted such facts to be true when he testified to the same effect as a part of his defense. Appellant further testified that he knew a robbery was then in progress but that he made no effort to stop it for the assigned reason that he didn't want to take a chance on being shot himself by his brother. This exculpatory statement by appellant together with other exculpatory statements regarding appellant's alleged fear of his brother, in explaining his waiting for the brother in the car while the brother forced the victim to leave the car and walk into a field where the brother shot the victim, and explaining appellant's subsequent driving of the car at the brother's alleged request, may well have been disbelieved by the jury in view of appellant's subsequent conduct inconsistent therewith. It is undisputed, for example, that after the victim was removed from the Cadillac automobile by the brother and robbed of the same, and shot by appellant's brother causing his death, that appellant upon driving away with his brother suggested that the said brother change out of his army uniform into other clothes to escape detection. This and the appellant's subsequent forgery a day or two later of the victim's gasoline credit car in Tennessee were not compatible with a mere passive presence at the scene of the robbery. The jury did not have to believe appellant's exculpatory self-serving statements, and the result of their verdict indicates they did not believe them. This was within their province as finders of the facts.

And on appeal the rule is that in considering the sufficiency of the evidence to sustain the verdict, we will look only to that evidence which tends to ▆ support the conclusion reached by the jury. . Shutt v. State (1954), 233 Ind. 169, 174, 117 N. E. 2d 892, 894; Mobley v. State (1949), 227 Ind. 335, 340, 85 N. E. 2d 489, 491.

Cases involving similar factual situations to the case at bar where convictions of murder in the perpetration of a robbery were upheld are: White v. State (1941), 219 Ind. 290, 296, 37 N. E. 2d 937, 940; The People v. Cione (1920), 293 Ill. 321, 331, 127 N. E. 646, 650, 12 A. L. R. 267, 273. See also: The People v. Marx (1920), 291 Ill. 40, 47, 125 N. E. 719, 722.

It follows that there was sufficient evidence from which the jury could have inferred that appellant joined, aided and abetted in the robbery of the deceased.

As to appellant's contention that such joinder, aiding and abetting by appellant occurred after Shibe's death, it appears that appellant's act of waiting in readiness in the car for his brother after the victim's removal therefrom and during the robbery, was during the latter's lifetime. Whether appellant's subsequent conduct was before or after decedent's death does not expressly appear from the record as the record is silent as to the exact time of death. The death, however, was stated not to have been instantaneous from the shooting and there was also medical evidence that persons with such injuries have been known to have lived minutes, hours, or even days. From the record on appeal with all inferences favorable to appellee, we cannot say that the victim Shibe died prior to any of appellant's acts in aiding or abetting, down to and including the last apparent act of forging Shibe's stolen

credit card in Tennessee a day or two after the robbery. This would include appellant's driving of the victim's car from the scene in the company of his brother and his encouragement of his brother to change clothes to avoid detection.

Appellant's position is therefore completely untenable that there is no evidence from which the jury could properly have inferred in this case that appellant joined, aided or abetted in the robbery of the deceased.

The remainder of the contentions made by appellant on this appeal deal with the court's refusal to give certain of appellant's tendered instructions.

Appellant contends the court erred in refusing to give appellant's tendered instruction number 10 which stated in substance that the burden of proof in a criminal case is upon the State from the beginning to the end of the trial, and that the burden of proof does not shift from the State to the defendant.

However, it appears that three other instructions were given to the jury which stated the State has the burden of proof. There were also three additional instructions given to the effect that there is a presumption that the appellant is innocent until proved guilty beyond a reasonable doubt.

We have heretofore held in a criminal prosecution it is not error to refuse to give a requested instruction that the burden of proof never shifts to a defendant where the court fully instructed the jury relative to the State having the burden of proving the defendant guilty of the crime charged, and as to the presumption that a defendant charged with crime is innocent until proved guilty beyond a reasonable doubt. *Fehlman v. State* (1928), 199 Ind. 746, 755, 161 N. E. 8, 11.

We find no error in the refusal to give tendered instruction number 10.

Appellant has further contended the court erred in refusing to give appellant's tendered instruction number 19 which stated substantially that if appellant had no intent to rob or kill anyone, that if the victim lost his life by the acts of another, then appellant should be acquitted.

However, it appears that this instruction was covered by other instructions given by the court and appellant has therefore no cause to complain.

Appellant has contended error was committed in refusing to give appellant's tendered instruction number 51 pertaining to the law on accomplices, but it appears that the subject matter was sufficiently covered by appellant's instructions numbers 6, 29, and 53, which were given by the court.

Appellant's tendered instruction number 54 which was refused dealt with the question of whether the crime was completed before appellant participated or aided in relation to it. Appellant has cited no authorities that his instruction contains a correct statement of the law and we may therefore consider that he has waived any question in relation to it.

Appellant lastly contends error was committed in refusing to give his instruction number 55 as follows:

"If you find that Edward E. Jones helped his brother escape after the crime alleged in the indictment was completed, but did not aid, assist, or participate in the alleged robbery of Gerald W. Shibe, then your verdict should be 'Not Guilty.'"

The instruction however does not appear to be a complete statement of the law as it makes no attempt to

negate all accessories included under the statute (Burns' §9-102, 1956 Repl., Acts 1905, ch. 169, §224, p. 584, *supra*) such as those who shall "counsel, encourage, hire, command or otherwise procure" a felony to be committed. It was therefore properly refused. *Bowen* v. *State* (1920), 189 Ind. 644, 652, 128 N. E. 926, 929.

The judgment is affirmed.

Achor, Arterburn and Myers, JJ., concur; Jackson, J., concurs in result.

NOTE.—Reported in 195 N. E. 2d 460.