## GEORGE *v.* STATE OF INDIANA.

[No. 768S107. Filed June 3, 1969. No petition for rehearing filed.]

*Bolden and Mann, Clarence D. Bolden,* Indianapolis, for appellant.

*John J. Dillon,* Attorney General, *John L. Price,* Deputy Attorney General, for appellee.

HUNTER, J.—Appellant was convicted of "Attempt to Commit Robbery While Armed" and was sentenced to imprisonment in the Indiana Reformatory for fifteen years. The sole argument on appeal is that the evidence is insufficient to support the finding of the court.

Ind. Ann. Stat. § 10-4709 (1956 Repl.) defines the crime as follows:

"Any person who being over sixteen (16) years of age, commits or attempts to commit either the crime of rape,

*robbery,* bank robbery, or theft while armed with a pistol . . . shall be guilty of a separate felony in addition to the crimes above named and upon conviction shall be imprisoned for a determinate period of not less than ten (10) years nor more than twenty (20) years, to be fixed by the court . . ." (our emphasis).

*Robbery* is defined by Ind. Ann. Stat. § 10-4101 (1956 Repl.):

"Whoever takes from the person of another any article of value by violence or by putting in fear, is guilty of robbery . . ."

Thus the essential elements for the crime charged in the case at bar are:

(1) an attempt to take

(2) from the person of another

(3) any article of value

(4) by violence or by putting in fear

(5) while armed with a pistol.

Covering all crimes in Indiana is the "Accessory before the fact" statute, Ind. Ann. Stat. § 9-102 (1956 (Repl.), which in part provides as follows:

"Every person who shall aid or abet in the commission of a felony, or who shall counsel, encourage, hire, command, or otherwise procure a felony to be committed, may be charged by indictment, or affidavit, tried and convicted in the same manner as if he were a principal . . ."

The evidence, therefore, will be sufficient if it supports a finding either that the appellant actually perpetrated the crime enunciated in the five elements above or that the appellant aided, abetted or encouraged the commission of that felony. *Jones v. State* (1963), 244 Ind. 682, 195 N. E. 2d 460.

We now turn to the record to determine if the evidence, when viewed most favorably to the state, is sufficient to support the decision. *Stone v. State* (1968), 251 Ind. 198, 240 N. E. 2d 487. *Capps v. State* (1967), 248 Ind. 472, 229 N. E. 2d 794.

The prosecuting witness testified that she saw the appellant and his companion standing and talking in front of her grocery store at 2358 North Alabama in Indianapolis. They entered her store together, and the appellant asked her for a package of chewing gum which he was given. He handed her a dime and, while the prosecutrix was getting his nickel change from the cash register, appellant's companion pulled a pistol on her and said, "This is a hold up." At this time both men were standing side by side in the store. The prosecutrix responded, "Help yourself, it's in the cash register". At this point, the prosecutrix' son entered the store from the stock room. The appellant and his companion saw the boy, cursed the prosecutrix, and fled from the store. Both men left the store together and ran to a nearby alley, whereupon the prosecutrix called the police. She testified that she was in fear when the men had entered the store and that, after the appellant and his companion fled from the scene, she required the assistance of another woman to get her "nerves quieted."

From the foregoing evidence, the court could reasonably conclude that there had been an attempt to take an article of value. It does not matter that the plan was foiled by the unexpected entry of another person before there had been an actual seizing of the property. Ind. Ann. Stat. § 10-4709 (1956 Repl.) requires only an attempt to commit the felony. *Herriman v. State* (1963), 243 Ind. 528, 188 N. E. 2d 272.

There is sufficient evidence from which to conclude that the property to be taken was from the person or "personal presence" of the prosecuting witness. *Finton v. State* (1963), 244 Ind. 396, 193 N. E. 2d 134. The prosecutrix testified

that she had been put in fear by the acts of the appellant and his companion and that the other man had pointed a pistol at her during the attempted robbery.

Thus, we can and do find substantial evidence of probative value to sustain each material element of the crime of "attempt to commit robbery while armed." Furthermore, the court could have reasonably concluded that the appellant aided and abetted his companion in the commission of this crime from the conversation between the men outside the store, from the position of both men during the attempted robbery, and from the fact that both men fled when the attempt was foiled.

For all the foregoing reasons, we hold that there is sufficient evidence to support the verdict and that judgment of the trial court should be affirmed.

Judgment affirmed.

DeBruler, C. J., Arterburn and Givan, JJ., concur. Jackson, J.; concurs in result.

NOTE.—Reported in 247 N. E. 2d 823.