CLINE ET AL. *v.* STATE OF INDIANA.

[No. 1068 S 165. Filed December 8, 1969.]

*Frederick B. Robinson,* Indianapolis, for appellants.

*Theodore L. Sendak,* Attorney General, *Robert F. Hassett,* Deputy Attorney General, for appellee.

ARTERBURN, J.—This criminal action was commenced by an affidavit charging the appellants, Cline, Covington and Henry, with robbery pursuant to Burns' Ind. Stat. Anno. § 10-4101, which reads in part as follows:

> "Whoever takes from the person of another any article of value by violence or putting in fear, is guilty of robbery . . ."

A trial by jury resulted in all three of the appellants being found guilty as charged.

The evidence most favorable to the state shows that on October 13, 1966, three men entered Van's Drugstore which is located in Indianapolis. One man, identified as the appellant Henry, stationed himself near the front door. The other two men, identified as Covington and Cline, approached the owner of the store and asked for a bottle of aspirin. Appellant Covington then produced a sawed-off shotgun from beneath his coat. Covington and Cline ordered the owner to give them the money in the cash register, which he did. The owner was then forced into the prescription room at the rear of the store, where Covington and Cline took the money from a second cash register and forced the owner to lie face down on the floor. While these events were taking place, appellant Henry,

who was still stationed near the front door, ordered one of the drugstore employees, Mrs. Harrison, to give him the money from yet another cash register, which she did.

The appellants, prompted by a gunshot fired by the owner, fled the store. At this point the police arrived and a running gun battle ensued. The battle ended with the police confiscating the would-be getaway car in which was found a sawed-off shotgun and money scattered about.

The brief on appeal presents separate contentions for each of the appellants. We will deal with them as they appear therein. Appellant Cline contends that the following were not proven beyond a reasonable doubt, to-wit: that he was in or near the drugstore at the time in question; that he participated in the robbery; that he took anything of value; or that the owner was placed in fear.

We have on numerous occasions stated that we will not weigh the evidence or determine the credibility of the witnesses. A verdict will not be upset if there is substantial evidence of probative value sufficient to establish every element of the crime. *Liston* v. *State* (1969), 252 Ind. 502, 250 N. E. 2d 739. The evidence before us is overwhelming with reference to the identification of Cline as one of the perpetrators of the robbery. The owner of the drugstore was face to face with both Cline and Covington during the course of the robbery and made a positive in court identification of Cline as one of the perpetrators. Further, both employees who were present during the robbery made positive identifications of Cline to support the owner's testimony. We feel this is more than substantial evidence of identification.

Appellant Cline argues that he was not a participant in the crime. It is true that mere presence at the scene of a crime is insufficient to sustain a conviction for participation. *McGill* v. *State* (1969), 252 Ind. 293, 247 N. E. 2d 514. However, the circumstances and evidence adduced at the trial are clearly sufficient to establish that Cline was not

only present during the course of the robbery but that he was an active participant therein. The owner of the drugstore testified that Cline closely followed Covington throughout the course of the robbery, aided Covington in removing the money from the cash registers and pulled out drawers and generally investigated the premises. Moreover, the testimony was to the effect that Cline was wielding a revolver during this course of events and upon emerging from the prescription room he demanded the money from the cash register operated by one of the employees, only to learn that appellant Henry had already taken it.

The contention by Cline that there was a failure to prove beyond a reasonable doubt that he took anything of value must fail, for it overlooks a fundamental principle of our criminal law. Burns' Ind. Stat. Anno. § 9-102 (1956 Repl.) reads in part as follows:

"Every person who shall aid or abet in the commission of a felony, or who shall counsel, encourage, hire, command, or otherwise procure a felony to be committed, may be charged by indictment, or affidavit, tried and convicted in the same manner as if he were a principal, . . ."

This statute covers all felonies in Indiana and therefore an appellant can be held responsible if he either perpetrated the crime or aided, abetted or encouraged its commission. *George* v. *State* (1969), 252 Ind. 344, 247 N. E. 2d 823.

A defendant is responsible for the acts of his confederates as well as his own. It is not essential that participation of any one defendant in each element of robbery be established. Here the appellants acted in unison. Any act of one is attributable to them all. *Jones* v. *State* (1963), 244 Ind. 682, 195 N. E. 2d 460; *Cotton* v. *State* (1965), 247 Ind. 56, 211 N. E. 2d 158. It is immaterial whether Cline personally took anything of value, since the evidence is sufficient to establish that his confederates did. See also: 77 C. J. S. *Robbery,* § 32.

The final contention of Cline is that the owner of the drugstore was not placed in fear as charged in the affidavit. This is refuted by the evidence. The testimony showed that Covington wielded a sawed-off shotgun during the robbery while Cline wielded a revolver. The owner of the drugstore testified that Covington prodded him along by pushing the shotgun into his back and at one point threatened to "blast" the owner if he did not remain face down on the floor. We cannot say that this evidence is insufficient to support a finding that the owner was placed in fear.

Appellant Henry's sole contention is that it was not shown beyond a reasonable doubt that one of the employees of the drugstore, Mrs. Harrison, was placed in fear. This contention apparently is related to the evidence adduced at trial that Henry took the money from the cash register operated by Mrs. Harrison. The argument fails for the reasons noted above, to-wit: it is not essential that one defendant be shown to have participated in every element of the crime. The fear and intimidation engineered by the other appellants with reference to the owner is attributable to appellant Henry. Thus it is immaterial whether Henry placed the employee in fear, since his complicity and participation would make him accountable irrespective of his conduct toward the employee. We further point out that the affidavit alleges the owner, William E. VanPelt, was put in fear—not Mrs. Harrison.

Appellant Covington's sole contention is that there was a failure to prove he was the same Covington who participated in the robbery. The evidence is overwhelmingly to the contrary. Not only did the owner of the drugstore and his two employees make positive identifications of Covington as one of the perpetrators, but Officer Vance of the Indianapolis Police Department positively identified Covington as the man he saw backing out of the front door of the drugstore holding a sawed-off shotgun and as the man he subsequently exchanged gunshots with.

This is one of those cases where the evidence in our opinion is overwhelming in support of the conviction. We realize the appellant's attorney had very little to work with in order to make out a good-faith effort in an appeal, yet the decisions of the United States Supreme Court compel such an appeal, regardless of merit. In our opinion a great deal of useless effort and work has been expended in this case where there was no real or substantial grounds for an appeal. It is regrettable that under the circumstances an appeal has to be made in every case, regardless of merit.

The judgment of the trial court is affirmed.

DeBruler, C.J., concurs in result with separate opinion. Hunter and Givan, JJ., concur; Jackson, J., concurs in result.

### CONCURRING IN RESULT

DeBruler, C.J.—No fair and constitutional method for screening out perfunctory appeals in criminal cases has as yet been devised. Any such method would necessarily involve a decision by someone that the proposed appeal being considered has no merit at all. The duty to make this decision properly attaches to the appellate tribunal rather than to the trial court, trial counsel, or appellate counsel. A decision, by an appellate tribunal, that a potential appeal has no merit, would be valid only if it were made after consideration of the occurrences at the trial level and arguments of legally trained personnel in support of both sides of the issue of whether or not a meritorious appeal exists. *Anders* v. *California* (1967), 386 U. S. 738, 87 S. Ct. 1396, 18 L. Ed 2d 493; *Douglas* v. *California* (1963), 372 U. S. 353, 83 S. Ct. 814, 9 L. Ed. 2d 811; *Draper* v. *Washington* (1963), 372 U. S. 487, 83 S. Ct. 774, 9 L. Ed. 2d 899. It would require as much time and effort to effectuate a legally sound screening method as it does to operate our present system of freely taking appeals. It should also be noted that this is the first appeal taken by the appellants. This appeal is, therefore, not one in a series of post-appeal cases which could be characterized as harassing or frivolous.

Under these circumstances, I do not regret having participated in the extension of full judicial review to these indigent appellants by the Court.

NOTE.—Reported in 252 N. E. 2d 793.