ALLEN HENDERSON, JR. *v.* STATE OF INDIANA.

[No. 3-774A133. Filed November 26, 1975. Rehearing denied January 16, 1976. Transfer denied March 29, 1976.]

*Bernard M. Tetek, Gerald N. Svetanoff,* of Gary, for appellant.

*Theodore L. Sendak,* Attorney General, *Douglas W. Meyer,* Deputy Attorney General, for appellee.

GARRARD, J.—Henderson was indicted for second degree murder in the shooting death of one Nathaniel Williams. In a bench trial he was found guilty of involuntary manslaughter. His appeal questions the sufficiency of the evidence to sustain the conviction.

The evidence supporting the conviction establishes that two witnesses observed an altercation develop between Henderson and Williams in the Coney Island Restaurant. Both saw Henderson draw a pistol, aim it at Williams and fire. This shot missed, and the witnesses both got down on the floor for safety. Both heard, rather than saw, the second shot fired. They then saw both men run out of the building, and one observed blood on the floor. Moments later the police discovered. Williams shot. through the chest in the alley behind the restaurant. The coroner testified that he performed an autopsy on Nathaniel Williams, and death was caused by the gunshot wound.

The evidence sustains the conviction. The unlawful act of purposely pointing the pistol at Williams was sufficient to support a conviction for involuntary manslaughter. *Minton* v. *State* (1964), 244 Ind. 636, 195 N.E.2d 355. Although no one observed the firing of the fatal second shot, it might be inferred beyond a reasonable doubt from the immediately preceding and fully witnessed first shot that Henderson was purposely and unlawfully aiming his pistol at Williams when the second shot was fired. *Compare, German* v. *State* (1975), 166 Ind. App. 370, 337 N.E.2d 883 where there was no circumstantial evidence of any purposeful pointing.

Henderson also challenges the failure of the state to introduce in evidence any photographs of the person upon whom the autopsy was performed or to otherwise verify that he was the same person that had been in the restaurant. However, all of the witnesses identified the person shot at, the person found in the alley, and the person upon whom the autopsy was performed as Nathaniel Williams. It is theoretically possible, as Henderson argues, for there to have been more than one Nathaniel Williams. Under the facts here presented, the plausibility of one such person having been shot at by Henderson and the other having

been autopsied, epitomizes the classic distinction between reasonable doubt and any possible doubt. There was no failure to prove beyond a reasonable doubt that the decedent was the person fired upon by Henderson in the restaurant.

Affirmed.

Staton, P.J. and Hoffman, J., concur.

NOTE.—Reported at 337 N.E.2d 590.