Sherry K. ADCOCK,
Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 1–181A30.

Court of Appeals of Indiana,
First District.

June 16, 1981.

Rehearing Denied July 23, 1981.
Transfer Denied Oct. 6, 1981.

---

Dennis Brinkmeyer, Evansville, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

## STATEMENT OF THE CASE

NEAL, Presiding Judge.

Defendant-appellant Sherry K. Adcock (Adcock) was convicted following a jury trial in the Vanderburgh Circuit Court of Robbery. Ind.Code 35–42–5–1 (Supp.1979). She was sentenced to six years imprisonment and she appeals.

We affirm.

## STATEMENT OF THE FACTS

The evidence most favorable to support the verdict is as follows. Adcock and one Michael Wilhite were living together. Jeffrey Lynn Phillips came to stay at their apartment for a night or two. Phillips had a history of numerous robberies, which fact was known to Adcock. In Adcock's apartment on February 15, 1980, Phillips revealed a plan to rob a neighborhood grocery run by one Everett Hoffman (Hoffman) located just down the street from the apartment. The plan was for Adcock to pretend to be Phillips' hostage so that Mr. Hoffman would be fearful that she would be harmed, and thereby "make the robbery easier." Pursuant to the agreement Adcock went into the store, cashed a check, and made token purchases, going through the checkout line twice. Phillips came in, grabbed her around the throat, brandished a loaded .25 caliber automatic pistol at Mr. Hoffman, and took $400 from the cash drawer. Mr. Hoffman was fearful that Adcock would be harmed. Upon taking the money Phillips ran from the store, up the street, and into Adcock's apartment, being all the while watched by Mr. Hoffman. Adcock was known slightly to Mr. Hoffman and he asked her where she lived; she unwittingly told him where Phillips had gone. The police were called, and Adcock, after first denying acquaintanceship with Phillips, admitted her complicity in the robbery. Her statement given to police, which was admitted into evidence and Phillips' testimony constitute the basis of the above evidence.

## ISSUES

Adcock presents three issues for review as follows:

I. Whether she was denied a fair trial because the court refused to permit her counsel to apprise the jury of the penalty for robbery;

II. Whether the evidence is sufficient to support the verdict; and

III. Whether the court erred in giving to the jury its instruction No. 8, a duress instruction.

## DISCUSSION AND DECISION

*Issue I. Apprising the jury of penalty*

■ This issue has been determined adversely to Adcock by our Supreme Court in *Debose v. State*, (1979) Ind., 389 N.E.2d 272. The court did not err in refusing to permit the jury to be informed of the penalty.

*Issue II. Sufficiency of the evidence*

Robbery is defined in Ind.Code 35–42–5–1 as follows:

"A person who knowingly or intentionally takes property from another person or from the presence of another person:

(1) by using or threatening the use of force on any person; or

(2) by putting any person in fear;

commits robbery, a Class C felony. However, the offense is a Class B felony if it is committed while armed with a deadly weapon. . . ."

Adcock essentially argues that Phillips, and not she, was the perpetrator of the offense. He initiated the plan, and carried it out. She contends that she did nothing except know about it and be present. Ind. Code 35–41–2–4 (Supp.1979) provides in part that "[a] person who knowingly or intentionally aids, induces, or causes another person to commit an offense commits that offense. . . ." The case of *George v. State*, (1969) 252 Ind. 344, 247 N.E.2d 823, decided under the former accessory before the fact statute,[1] similar to our aiding, inducing, or causing an offense statute now in force, is on point. There the prosecuting witness testified that the appellant and his companion stood in front of a store and conversed. They entered the store together. Appellant bought a pack of gum, and thereafter the appellant's companion pulled out a pistol and announced a holdup. The holdup was frustrated by the witness' son who entered the store, and appellant and his companion fled together. The Supreme Court said that the appellant had aided and abetted the offense.

■ This court will not reweigh the evidence, nor judge the credibility of the witnesses. Only such evidence of probative value most favorable to the state will be considered, together with all reasonable inference to be drawn therefrom. *Davis v. State*, (1980) Ind.App., 398 N.E.2d 704.

■ We conclude that the evidence recited in the statement of facts is sufficient to support the finding of the jury that Adcock aided Phillips to commit the crime of robbery, and therefore is guilty of the offense herself.

*Issue III. Duress instruction*

■ The court gave as its instruction No. 8, an instruction on the defense of duress, which was substantially in the language of Ind.Code 35–41–3–8 (Supp.1979), the section creating the defense of duress in our criminal code. Duress, under that section, involves threats to third persons as well as the defendant. Adcock does not challenge the correctness of the statement of the law contained in the instruction, but contends that there was no evidence to support it. She correctly asserts that it is error to give an instruction upon an issue if there is no evidence to support it. *O'Conner v. State*, (1978) Ind.App., 382 N.E.2d 994. Adcock's testimony contains many statements which justify the instruction. On page 14 of her brief she recites, "She also stated in a statement to the police that her reason for entering the grocery store was that she was afraid that because Phillips, who had ingested quantities of drugs into his system, that because of his condition, may in fact kill the store owner." She testified that Phillips was "shot up" with drugs, that she

1. Acts 1905, ch. 169, § 224; Ind.Ann.Stat. § 9–102 (Burns 1956 Repl.).

knew from his criminal history he was dangerous, and that she did not know what he was capable of. She described him as sitting on the sofa of her apartment, flashing his gun around, and telling how he would shoot the man if he did not give him the money. The tone of her testimony indicated her fear of crossing Phillips. We can think of no purpose for which Adcock would have introduced this evidence other than to convince the jury that she was innocent of any willful wrongdoing, but participated in the robbery out of duress and intimidation. We are of the opinion that the court committed no error in giving the instruction.

For the above reasons this cause is affirmed.

Affirmed.

ROBERTSON and RATLIFF, JJ., concur.