Linnie JANIGON, Appellant,

v.

STATE of Indiana, Appellee.

No. 88OS359.

Supreme Court of Indiana.

Jan. 15, 1982.

Charles F. Leonard, Deputy Public Defender, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Aimee L. Kolze, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was tried by a jury with his co-defendant for the offense of Robbery. He was convicted and sentenced to a twenty (20) year term of imprisonment.

Appellant claims the evidence adduced at trial was insufficient to establish his guilt beyond a reasonable doubt. This Court will not weigh the evidence nor judge the credibility of witnesses. We look solely to the evidence most favorable to the State and reasonable inferences drawn therefrom. If there is substantial evidence of probative value for each element of the offense, we will not disturb the jury's verdict. *Sloan v. State,* (1980) Ind., 408 N.E.2d 1264.

The State produced three witnesses to the robbery of Hooks Drugs: the pharmacist, the cashier and a customer. The pharmacist testified he could not identify anyone in the courtroom as the man giving instructions to the cashier during the robbery. He identified appellant as one of two individuals who participated in a show-up immediately following the robbery. However, the pharmacist stated he did not see appellant inside the store during the robbery. The cashier was unable to identify appellant as being the man who robbed her or as a man who had entered the store during the robbery and left after saying he did not want to get involved.

The customer, Mr. Wood, testified he saw appellant "walking, like pacing, back and forth . . . looking around the store." Wood stated he entered the store, saw appellant, and went to the pharmacy counter located at the rear of the store. One of the robbers ordered him behind the counter while the pharmacist gathered money and drugs. The robber then instructed the pharmacist and Mr. Wood to go to the front of the store. Mr. Wood testified appellant was not in the aisle at that time nor, to his knowledge present in the store. Mr. Wood also identified appellant as one of the men brought back to the drugstore for the show-up.

The record reveals one male was seen running on foot after having fired a shot. Although the State characterizes appellant's apprehension as being made while "in flight", and therefore, circumstantially indicative of guilt; the arresting officer testified appellant did not attempt to flee when ordered to halt nor was he attempting to hide at the time of his apprehension. Appellant, when first seen by the arresting officer, was walking near a house on a well-lighted street.

The State emphasizes the search of appellant revealed possession of bills in the same denomination, amount and folded in the same manner as those stolen in the robbery. The pharmacist testified he gave the robber approximately five hundred dollars ($500). The cashier testified she gave another robber approximately one hundred dollars ($100). The amount recovered from the appellant upon his arrest minutes later was approximately one hundred eighty-one dollars ($181). The bills were found in the order corresponding to their value, from lowest value to highest. The bills were in the denominations of ones, fives, and tens. The arresting officer testified it was "rolled up in a ball or folded" and was wet.

When examined in its entirety, the evidence . in this record is not sufficient to support the verdict of guilty beyond a reasonable doubt. Mere presence at the scene of a crime is of itself not sufficient to sustain a conviction for participation. *Cline*

*v. State*, (1969) 253 Ind. 264, 252 N.E.2d 793. Moreover, only one of the State's witnesses could testify to appellant's presence at the store without any indication of participation.

This case is remanded to the trial court with instructions to reverse the conviction of the appellant.

All Justices concur.