**Waymond WILSON, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 183S10.**

Supreme Court of Indiana.

Nov. 21, 1983.

William L. Soards, Soards & Carroll, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Judge.

Appellant was charged by way of a two-count information. Count I was for Burglary, and Count II was for Theft. Later the charge was amended to add an allegation appellant was an habitual offender.

Appellant was tried before a jury and found guilty on Counts I and II and was also found to be an habitual offender. He was sentenced to concurrent terms of imprisonment of five years on the burglary conviction and two years on the theft conviction. The sentence on the burglary conviction was enhanced by thirty years, resulting in a total term of imprisonment of thirty-five years.

The facts are these. Officer James Smith of the Indianapolis Police Department testified that at about 1:00 A.M. on the morning of June 11, 1980, he received a radio dispatch that the silent alarm at the Illinois Street Department Store, located at 2170 North Illinois Street in Indianapolis, had been triggered. Smith drove to that location and found other officers already on the scene in front of the building. He began to proceed on foot around the building to the back, where another officer had positioned himself. He testified that as he was doing so two men jumped from the roof and landed on the ground a few feet in front of him. He drew his service revolver and placed them under arrest. An immediate search of the pair produced an automatic pistol. State's Exhibit 15 was identified

as a photograph of that weapon. The owner of the store, one Morris Calderon, also identified the exhibit as a photograph of the pistol he kept under the counter in the store, which he further stated was not in its usual place when he was called to the scene and checked the place where he knew the pistol should be.

Officer Smith further testified that while the two men who had been arrested were being processed at the scene, he heard another radio dispatch that there was another man on the roof. He was able to effect the capture of this man, whom he identified as appellant, on the roof of an adjacent building.

The evidence showed the roofs of the two buildings were very near the same height above the ground, slightly less than twenty feet. The distance between the two was four to five feet.

Officer Gerald Rothenbush testified that he was the officer who had positioned himself in the rear of the department store. He further testified that within a few minutes after the two men had been apprehended he saw another man on the roof of the department store. He testified he saw that man cross to the edge of the roof and crossover to the roof of the adjacent building and then disappear from view. He identified appellant as the man he observed Officer Smith bring down the ladder from the roof of the adjacent building.

Investigation of the department store premises showed there was a large, roughly chopped hole in the roof of the building. A paper sack, with a knife inside, was found on the roof. An axe was found in the store almost directly beneath the hole. Morris Calderon testified the store was not in this condition when he left it at closing time the day before; the axe was not his; that he gave no one, including appellant, permission to be in the store at 1:00 A.M. on June 11, 1980; nor did he give anyone permission to be in possession of the handgun he kept under the counter.

Appellant made a motion for a directed verdict, which was denied.

Appellant claims the evidence is insufficient to support the conviction, the verdicts are contrary to law, and the trial court erred in denying his motion for a directed verdict.

On appeal we do not reweigh the evidence nor judge the credibility of witnesses. *Ward v. State,* (1982) Ind., 439 N.E.2d 156; *Sanders v. State,* (1981) Ind., 428 N.E.2d 23; *Lonson v. State,* (1980) Ind., 406 N.E.2d 256.

Moreover, where the evidence of guilt is circumstantial, the same test is applied. The conviction is affirmed if the reasonable inferences drawn therefrom support the finding of the fact finder. *Wells v. State,* (1982) Ind., 441 N.E.2d 458; *Ward, supra; Raspberry v. State,* (1981) Ind., 417 N.E.2d 913. It is not necessary that we find the evidence excludes every reasonable hypothesis of innocence. *Id.*

Appellant's claim, with regard to this issue, is that the evidence and reasonable inferences drawn therefrom, essentially do no more than show appellant's presence at the scene or in the vicinity where the crime was committed. It is well-settled that proof of guilt beyond a reasonable doubt does not exist where the evidence does no more than show opportunity to commit the charged crime, or establish a possibility or suspicion of guilt. *See, e.g., Talley v. State,* (1980) Ind.App., 400 N.E.2d 1167; *Briscoe v. State,* (1979) 180 Ind.App. 450, 388 N.E.2d 638. Moreover, proof of presence at the scene of a crime, without more, cannot serve as evidence to support a conviction beyond a reasonable doubt. *Janigon v. State,* (1982) Ind., 429 N.E.2d 959; *Cline v. State,* (1969) 253 Ind. 264, 252 N.E.2d 793.

We disagree with appellant's analysis of the evidence in the case at bar. The reasonable inferences drawn, looking at the evidence as a whole, indicate far more than that appellant happened to be in the vicinity where the crime was committed.

Officer Rothenbush and Officer Smith both testified as to the efforts of appellant to conceal himself from their

view. Evidence of an attempt to avoid arrest tends to show guilt. *Williamson v. State,* (1982) Ind., 436 N.E.2d 90; *Dunville v. State,* (1979) 271 Ind. 393, 393 N.E.2d 143.

There was also testimony from Officer Smith that one of the two men initially arrested, after their leap to the ground from the roof, told him soon thereafter that there was a third man on the roof who had participated in the crime with them. This occurred after appellant's attorney on cross-examination asked Officer Smith if he had arrested appellant "merely because he was in the vicinity"? The witness replied, "I had received information, sir, that he was involved." On reexamination the prosecutor elicited that this information had come from one of the arrested burglars.

 Appellant's assertion that the evidence is insufficient to support the conclusion he participated in both the breaking and entering of the store and the theft of the handgun also overlooks the rules of law regarding accessory liability. Under I.C. § 35–41–2–4 [Burns 1979 Repl.], one is liable for a criminal act if he "knowingly or intentionally aids, entices, or causes another person to commit an offense . . . ." It is not necessary that the evidence show the accomplice personally participated in the commission of each element of the offense. *Harris v. State,* (1981) Ind., 425 N.E.2d 154. Evidence that the accomplice acted in concert with those who actually physically committed the acts constituting the elements of the crime is sufficient to support a conviction on the accessory theory. *Maier v. State,* (1982) Ind., 437 N.E.2d 448; *Harris, supra.* All the evidence and reasonable inferences that may be drawn therefrom, in the case at bar, support the jury's finding, beyond a reasonable doubt, that appellant aided in the burglary of the store and the theft of the handgun.

We hold the evidence is sufficient to support the conviction.

 Our resolution of this issue disposes of the claim the trial court erred in denying appellant's motion for a directed verdict. Denial of a motion for a directed verdict is not error where sufficient evidence to support the verdict has already been put into evidence in the State's case-in-chief. *Pearson v. State,* (1982) Ind., 441 N.E.2d 468.

In light of our holding as to sufficiency of the evidence to support the convictions for the underlying felonies, appellant's argument that the habitual offender finding must be vacated fails. He challenges that finding and resultant sentence enhancement only on grounds that, if the underlying felony conviction fails, the habitual offender finding and sentence enhancement triggered by it must also fail.

The trial court is in all things affirmed.

All Justices concur.