Clifford A. WARNER, Jr., Appellant,

v.

STATE of Indiana, Appellee.

No. 583S161.

Supreme Court of Indiana.

Nov. 7, 1983.

Allen Demkovich, Himelick Smith & Demkovich, Connersville, for appellant.

Linley E. Pearson, Atty. Gen., Kathleen Ransom Radford, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-appellant Clifford A. Warner, Jr., was convicted of Robbery, Ind.Code § 35–42–5–1 (Burns Repl.1979), and Battery, Ind.Code § 35–42–2–1 (Burns Repl. 1979), at the conclusion of a jury trial in Fayette Circuit Court on October 7, 1982. Warner was given thirty (30) years imprisonment for the robbery and five (5) years imprisonment for the battery, both sentences to be served concurrently. He now appeals.

Defendant Warner raises three issues on appeal, concerning:

1. whether there was sufficient evidence to convict him of robbery;

2. whether the trial court erred in allowing the introduction of expert testimony; and,

3. whether the sentence imposed was unreasonable.

The defendant was charged with and found guilty of stabbing the night manager of the Snowman restaurant in Connersville and taking the cash receipts from the restaurant's cash register.

I

The defendant contends that there is insufficient evidence to convict him of robbery. He reaches this conclusion because no one actually saw him take the money from the cash register. The State argues that there is sufficient evidence, albeit circumstantial, to convict the defendant of robbery.

This Court does not reweigh the evidence or judge the credibility of witnesses and will consider only that evidence most favorable to the State and all reasonable inferences drawn therefrom. When there is substantial evidence of probative value to support each element of the offense, the finding of the trier of fact will not be disturbed. *Napier v. State,* (1983) Ind., 445 N.E.2d 1361, 1366; *Jackson v. State,* (1980) Ind., 402 N.E.2d 947, 948. Moreover, while the State must sustain its burden of proof on each element of an offense charged, such elements may be established by circumstantial evidence and the logical inferences drawn therefrom. *Harris v. State,* (1981) Ind., 425 N.E.2d 154, 156; *Lisenko v. State,*

(1976) 265 Ind. 488, 491, 355 N.E.2d 841, 843. It is also well settled that on review this Court does not have to find that circumstantial evidence is adequate to overcome every reasonable hypothesis of innocence but only that an inference may reasonably be drawn therefrom which supports the finding. *Napier, supra; Hall v. State,* (1980) Ind., 405 N.E.2d 530, 535.

The record most favorable to the State reveals that on the night of November 30, 1981, Joan Halveland was working as the night manager of the Snowman restaurant in Connersville, Indiana. Between 11:30 p.m. and 12:00 a.m., the defendant, Clifford Warner, Jr., entered the restaurant. That was the first time Halveland had ever seen the defendant. Several regular customers known to Halveland came in a short time later. One of these customers, Jeff Sherwood, knew the defendant and spoke briefly with him. The defendant left about 1:00 a.m. and the other customers left at various times, the last one leaving at approximately 2:00 a.m.

Two minutes later, the defendant re-entered the restaurant and ordered four large soft drinks. While Halveland was filling the fourth drink, she felt something slam into her back. She turned around and saw the defendant standing there with a "real crazy look on his face." Halveland felt a sharp pain in her chest and when she placed her hand on her back, she found blood on her hand. The defendant turned and fled. Halveland went back to the kitchen and telephoned the description of her assailant to the police. While she was still on the telephone, Halveland observed the defendant enter the restaurant. She slid down so she would be out of his sight. Shortly afterwards she heard the cash register open. A few minutes later the front door of the restaurant was opened. At that point Halveland lost consciousness.

The police arrived within minutes of the telephone call and found Halveland lying in a pool of blood. She regained consciousness and told the names of customers who would be able to tell the police where the defendant lived. The police apprehended the defendant a short time later. The owner of the restaurant verified that approximately $132.00 plus several keys had been taken from the cash register. The money and keys were never recovered.

The defendant argues mere presence at the scene of a crime and mere opportunity to commit the crime are not sufficient to sustain a conviction. *Janigon v. State,* (1982) Ind., 429 N.E.2d 959. While this is true, we feel there was sufficient evidence introduced to convict the defendant of robbery. Halveland observed her assailant enter the restaurant alone while she was on the phone. Although Halveland could not see the defendant, she then heard the cash register open. A few minutes later, the front door opened again and Halveland fainted. The police arrived a short time later and discovered that the cash register was empty.

Although the evidence of the robbery was circumstantial, we feel that a reasonable inference may be drawn therefrom to convict the defendant. This situation is analogous to the one found in *Hilligoss v. State,* (1970) 253 Ind. 443, 255 N.E.2d 101. There, the manager of the liquor store was forced at gun point into a back room. Later, she returned to the main part of the store and observed that money had been taken from the register. Hilligoss' conviction was affirmed and the present case will not be decided differently. The fact that the defendant had access to the cash register, plus the fact that he earlier stabbed Halveland, we feel is substantial evidence to convict the defendant of robbery resulting in serious injury.

## II

The defendant argues next that the trial court erred when it allowed the testimony of an expert witness to be introduced. This witness, William Kuhn, testified that there was human blood on the defendant's knife and jacket, and that the blood on the jacket was Type A. The defendant contends that the evidence shows the witness did not have the expertise required for the analysis of blood.

"An expert witness is one who by reason of education or special experience has knowledge respecting a subject matter about which persons having no particular training are incapable of forming an accurate opinion or making a correct deduction. *Balfour v. State,* (1981) Ind., 427 N.E.2d 1091. A trial court's ruling that a witness is qualified to testify as an expert is reviewable only for abuse of discretion. *Epps v. State,* (1977) 267 Ind. 177, 369 N.E.2d 404."

*Moody v. State,* (1983) Ind., 448 N.E.2d 660, 664. Moreover, an expert may be qualified by evidence of formal training or practical experience. *Gary v. State,* (1980) Ind.App., 400 N.E.2d 215.

■ William Kuhn testified that he was a forensic serologist with the Indiana State Police Department Laboratory. Kuhn stated that a forensic serologist examines and identifies physiological fluids, such as blood, seminal fluid, urine, anything that originates from the body. Kuhn received a Bachelor of Arts degree from Taylor University and attended a brief period of study at the Michigan State Police Laboratory on advanced techniques and blood stain analysis. He also attended the F.B.I. Academy in Virginia where he studied bio-chemical and serological methods in blood stain analysis. Kuhn also had approximately seven years experience as a forensic serologist and testified about a hundred times in court. The defendant argues that the brief period of study and the fact that Kuhn majored in physics in college makes him unsuitable as an expert witness in forensic serology. This argument completely ignores the training and experience Kuhn acquired through his job the past seven years. Regardless, the trial court pointed out that if Kuhn studied nothing but forensic serology, that alone would make him more knowledgeable about that technique than anyone in the courtroom. We find no abuse of discretion in allowing Kuhn to testify.

### III

Finally, the defendant argues that the trial court erred when it sentenced him to concurrent terms of thirty years and five years. The defendant states that the trial court did not consider the principles of reformation and the goal of rehabilitation, and that the sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender.

Ind.Code § 35–4.1–4–7(a) (Burns Repl. 1979) (now repealed) provides as follows:

"CRITERIA FOR SENTENCING.—(a) In determining what sentence to impose for a crime, the court shall consider the risk that the person will commit another crime, the nature and circumstances of the crime committed, and the prior criminal record, character, and condition of the person."

■ It is well settled that when the trial court imposes the basic sentence for an offense, this Court will assume that it considered the factors listed in 35–4.1–4–7(a). *Page v. State,* (1981) Ind., 424 N.E.2d 1021; *Keys v. State,* (1979) Ind., 390 N.E.2d 148. Only when the sentence is decreased or increased from the basic term is the trial court required to state its reasons for selecting the sentence it imposes. *Gardner v. State,* (1979) Ind., 388 N.E.2d 513.

■ The trial court imposed the basic presumptive sentences for both offenses. See Ind.Code §§ 35–50–2–4, –6 (Burns Repl.1979). It also did not require that the sentences be served consecutively. The trial court read the pre-sentence report and noted that the defendant's previous brushes with trouble did not involve injuries to other persons. However, after considering other factors such as a lack of remorse and the serious injury to Halveland, the trial court stated that the aggravating and mitigating circumstances balanced out and it imposed the standard terms. We do not find this to be manifestly unreasonable under our standard of review of sentences. Ind.R.App.Rev.Sen. 2.

The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, HUNTER and PRENTICE, JJ., concur.