**Walter JONES, III, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1284S510.**

Supreme Court of Indiana.

Oct. 16, 1986.

Diane McNeal, Appellate Div., Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Walter Jones III was convicted at the conclusion of a jury

trial in the Lake Superior Court of burglary, a class B felony; rape, a class A felony; and unlawful deviate conduct, a class A felony. He was sentenced to twenty (20) years for the class B felony, and forty (40) years for each of the class A felonies, all sentences to be served concurrently. On direct appeal he raises the following issues:

1. admission of State's Exhibit No. 15; and

2. failure to redact a portion of a tape recorded statement given by Appellant.

On October 5, 1983, Appellant broke into and entered the victim's home, armed with a knife. He forced the victim into the bedroom where he compelled her to perform fellatio on him. He then cut off her gown and forced her to have sexual intercourse. Meanwhile, neighbors had witnessed and heard the break-in, and called the police. The police arrived as the victim was escaping. As Appellant fled, the police ordered him to stop. When he did not stop, he was shot by an officer. While in the hospital, Appellant gave a tape recorded statement admitting the crimes.

## I

Appellant maintains the trial court erred in admitting State's Exhibit No. 15, a photograph depicting the view of the crime scene taken from a neighbor's window. Appellant argues the photograph is "totally without probative value" because it reflects the addition of burglary bars on the victim's window, which were not present on the date of the offense.

Appellant does not allege any prejudice; therefore, any error which may have occurred was harmless, and not grounds for reversal. *Music v. State* (1986), Ind., 489 N.E.2d 949, 951. Furthermore, the photograph was admitted specifically to show *the view* from the neighbor's window. It was not admitted to show the victim's window. Hence, any change in the condition of the victim's window would have nothing to do with the purpose for which this photograph was admitted or with any issue here.

## II

Appellant also contends the trial court erred in failing to redact a portion of a tape recorded statement given by Appellant after his arrest while in the hospital. At the time of the statement a police officer said:

"Okay, Walter, I would like for you to tell me about some of the incidents or cases you were involved in starting with the one that caused you to be in the hospital."

In the midst of hearing this portion of the tape recording played for the jury, Appellant objected because of the improper reference to other incidents. Because of the difficulty of skipping this one sentence in the jury's presence, the court allowed it to be played, but admonished the jury to disregard any reference to other incidents. The jury stated that they were able to do this. All other references to other incidents were redacted from the recording and were not introduced to the jury. Appellant concedes that no specific acts were mentioned, but argues that such acts were alluded to such that the admonition failed to correct the prejudice.

An admonition to a jury is presumed to cure any error. *Broadus v. State* (1986), Ind., 487 N.E.2d 1298, 1303; *Johnson v. State* (1982), Ind., 432 N.E.2d 1358, 1360. Appellant makes no attempt to show why the present admonition did not cure the alleged error. In light of the superficial nature of the reference, the admonition, and the jury's assurance that they could disregard the reference, we find no error.

The trial court is affirmed.

GIVAN, C.J., and DeBRULER, SHEPARD and DICKSON, JJ., concur.