Alfred WILLIAMS, Jr., Appellant
(Petitioner below),

v.

STATE of Indiana, Appellee
(Respondent below).

No. 985S371.

Supreme Court of Indiana.

Sept. 15, 1987.

Susan K. Carpenter, Public Defender, C.H. Gardner, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant, Alfred Williams, Jr., was convicted by a Fountain County jury of burglary, a class B felony, and theft, a class D felony. The same jury then determined Appellant was a habitual offender. The trial court sentenced Appellant to ten (10) years for burglary, and two (2) years for theft, the sentences to run consecutively. The burglary sentence was enhanced by thirty (30) years based on the habitual offender finding. In this direct appeal, Appellant raises the following issues for our review:

1. sufficiency of the evidence;

2. error in admitting evidence of a co-perpetrator's prior statement;

3. error in allowing a State's witness to testify; and

4. error in denying Appellant's motion for a mistrial.

## I

First, Appellant challenges the sufficiency of the evidence supporting his convictions for burglary and theft. Specifically, Appellant claims there was no direct evidence linking him to this crime. Our standard of review when sufficiency of the evidence is challenged on appeal is a narrow one. We do not reweigh the evidence nor judge the credibility of the witnesses. Rather, we consider only the evidence favorable to the State and all reasonable inferences to be drawn therefrom. If there is substantial evidence of probative value supporting the conviction, the jury's determination will not be disturbed. *Tyra v. State* (1987), Ind., 506 N.E.2d 1100, 1102; *Atkinson v. State* (1986), Ind., 498 N.E.2d 389, 390. While the State must sustain its burden of proof on each element of an offense charged, the elements may be established by circumstantial evidence and the logical inferences drawn therefrom *Warner v. State* (1983), Ind., 455 N.E.2d 355, 357. It is well settled that on review this Court does not have to find that circumstantial evidence is adequate to overcome every reasonable hypothesis of innocence but only that an inference may reasonably be drawn therefrom which supports the jury's finding. *Id.* However, mere presence at the scene of the crime and an opportunity to commit the crime are not sufficient to sustain a conviction. *Janigon v. State* (1982), Ind., 429 N.E.2d 959, 960–61.

The facts presented to the jury are as follows. On November 28, 1984, Dorothy Smith's residence in rural Fountain County was burglarized. The burglary occurred sometime between 8:30 a.m., and 5:30 p.m. A television set and stereo were taken in the burglary.

At 12:30 p.m. on November 28, 1984, Mark Dewlen, another rural Fountain County resident, observed a yellow two-door Cadillac pull into his drive. The driver backed the car out of the drive and stopped to talk with a U.S. Mail courier before driving away. Dewlen observed three black men in the car.

Anita Fairchild, a U.S. Mail courier, observed a yellow Cadillac exiting the Dewlen driveway. The car stopped next to her Jeep and the driver asked her for directions to Interstate 74. Fairchild testified the three occupants of the car were black. She stated the driver wore a black felt hat and two gold earrings in his left ear. The car had no visible license plate. Fairchild became suspicious and notified the Fountain County Sheriff's Department. Approximately one and a half hours later, the yellow Cadillac passed Fairchild's mail Jeep from the opposite direction traveling at a high rate of speed.

At 3:30 p.m. on November 28, 1984, a Danville, Illinois police officer observed Appellant and two other black men in Appellant's yellow Cadillac. The car was traveling west toward Danville on State Road 136, coming from the direction of Fountain County. Appellant was seen wearing a black velvet hat and earring.

Later that evening, Keith Garrett, a Danville Police Officer, stopped Appellant's car. Appellant allowed Officer Garrett to open his car's trunk but nothing was found in the trunk.

Several days later, a relative of "Pancake" Marshall brought the stolen television and stereo to Officer Garrett at the Danville Police Station. Upon investigation, Marshall admitted he bought the stolen items from a stranger in Carver Park. Marshall paid $55 for the goods. He told Officer Garrett that Appellant was present during the transaction but did not participate in the negotiations. Rather, Appellant sat in his car during this time. Marshall also told Garrett that the men from whom he bought the items came with Appellant in Appellant's car, and that the items were taken from Appellant's trunk when the deal was struck.

At trial, Marshall recanted his statements to Officer Garrett and testified that Appellant was not present when the stolen items were purchased, and further, that the items did not come from Appellant's trunk.

There was also testimony from Officer Gary Boyles concerning a statement Appellant gave after his arrest and a waiver of

his rights. Appellant admitted being in Fountain County on November 28, 1984. He stated he was driving in the country with his girlfriend. He remembered asking a mail courier for directions to Interstate 74. He claimed he met two white men at a Danville liquor store several days later. The men asked him if he wanted to buy a television and stereo. Appellant agreed to take the men to someone who would buy the items if the men agreed to buy him a six-pack of beer. Appellant said he took the men to see Pancake Marshall who did in fact buy the stolen items.

We feel this evidence, and the inferences to be drawn therefrom, are sufficient to support the jury's verdict. Appellant was seen and admits to being in Fountain County on the day of the burglary. His car was spotted within 3½ miles of where the burglary occurred. While he claims to have been driving in the country with his girlfriend, three other witnesses testified they saw Appellant in the company of two other black men at the time. Further, another witness' testimony indicated Appellant was present when the stolen items were sold, and the items were taken from Appellant's car trunk. The reasonable inference to be drawn from this evidence is that Appellant participated in the burglary and theft in question here. Although a key witness recanted his earlier version of the events, the jury was in a position to weigh the conflicting evidence and judge the credibility of the witnesses. We find the jury's determination to be a reasonable one, supported by logical inferences based on the evidence presented at trial. For us to hold otherwise would require us to reweigh the evidence which we cannot do on appeal. Even though much of the evidence was circumstantial, it was sufficient to support the jury's verdict.

## II

■ Appellant next argues the trial court erred in admitting into evidence State's Exhibit 21, a portion of a tape recorded statement of Parrish Matchem, a co-perpetrator of this crime. The recording was made when Matchem was questioned by Fountain County Sheriff, Dale Conrad.

Matchem was called as a witness by the State on two occasions. On the second occasion, Matchem denied any knowledge of the burglary and denied making any statement concerning it to Sheriff Conrad. The State then called Sheriff Conrad who testified Matchem gave a tape recorded statement concerning the burglary. A portion of the recording was offered by the State for impeachment purposes over Appellant's objection. No mention was made of Appellant's involvement in the crime. The statement was put into evidence to impeach Matchem by showing that he, Matchem, took part in the incident.

On appeal, Appellant gives three arguments as to why the recorded statement was inadmissible. Appellant claims Matchem's statement was not properly admitted under the *Patterson* exception to the hearsay rule, that the statement was not voluntarily given as Matchem was not furnished counsel, and that the trial court gave Instruction No. 33 telling the jury they could consider the exhibit as substantive rather than limited impeachment evidence. We find none of them to be persuasive. Nowhere in his argument does Appellant claim prejudice by the admission of this evidence. Furthermore, there is no transcription of the exhibit in the record. Without a showing of prejudice, any error which may have occurred is harmless, and is not grounds for reversal. *Jones v. State* (1986), Ind., 498 N.E.2d 395, 396; *Music v. State* (1986), Ind., 489 N.E.2d 949, 951. Here, there is no indication that Matchem's statement implicated Appellant in any way. The recorded statement was introduced for the sole purpose of impeaching Matchem's credibility. Without some claim or showing of prejudice which denied Appellant a fair trial, he is not entitled to relief. Therefore, any possible error here was harmless. Appellant has failed to demonstrate any prejudice, and therefore, he has failed to carry his burden on appeal.

## III

■ Next, Appellant argues the trial court erred in allowing Officer William

Nave to testify as a State's witness. Nave was present in the courtroom during a portion of Parrish Matchem's testimony. When Matchem changed his testimony on the witness stand, it became apparent Nave would be called as a witness to refute Matchem's testimony. Nave left the courtroom at this time. When Nave was called to testify, Appellant objected on the ground that Nave violated Appellant's earlier granted motion for separation of the witnesses. The trial court overruled Appellant's objection.

The enforcement of an order for separation of witnesses is left to the sound discretion of the trial court. *Flores v. State* (1985), Ind., 485 N.E.2d 890, 894; *Abercrombie v. State* (1985), Ind., 478 N.E.2d 1236, 1239. Here, Officer Nave left the courtroom when it became apparent he would be called as a witness to refute Matchem's changed testimony. Appellant has failed to show any prejudice resulting from this. Accordingly, there is no abuse of discretion.

### IV

Finally, Appellant claims the trial court erred in denying his motion for a mistrial based on what he alleges was prosecutorial misconduct.

The trial court had earlier ruled that Appellant's videotaped confession was inadmissible. During the State's examination of Parrish Matchem, the following colloquy took place.

Q. [By State] So that if he [Sheriff Conrad] came into court and testified that you [Parrish Matchem] in fact did give him information about that burglary, he's a liar?

A: Yes, he is.

Q: Then we're not just talking about—at any time, you never told him anything like that?

A: No, I did not. All I know is that I watched the film tape what he showed me of Alfred Williams.

Appellant immediately moved for a mistrial based on Matchem's reference to the videotape. The trial court denied the motion, struck the unresponsive portion of Matchem's testimony from the record and admonished the jury to disregard the statement.

On appeal, Appellant argues Matchem's statement was an evidentiary harpoon. We disagree. An evidentiary harpoon involves the deliberate use of improper evidence to prejudice the defendant in the eyes of the jury. *Hooper v. State* (1983), Ind., 443 N.E.2d 822, 826. Here, Matchem's answer was volunteered and unresponsive to the question asked. The trial court characterized the statement as such and admonished the jury to disregard it. An admonishment is presumed to correct any error caused by a witness' volunteered statement. *Manns v. State* (1985), Ind., 472 N.E.2d 918, 921. There is no evidence the prosecutor deliberately sought to introduce testimony regarding the inadmissible videotape. Further, in order to prevail on a mistrial motion, the defendant must show us he was placed in a position of grave peril to which he should not have been subjected. *Hutcherson v. State* (1987), Ind., 507 N.E.2d 969, 971. We do not believe Matchem's unresponsive statement placed Appellant in a position of grave peril. The trial court did not abuse its discretion in denying Appellant's mistrial motion.

The trial court is affirmed.

SHEPARD, C.J., and GIVAN, and DICKSON, JJ., concur.

DeBRULER, J., concurs in result without separate opinion.