Christopher A. **KELLER**, Appellant,

v.

**STATE of Indiana, Appellee.**

No. 29S00–8807–CR–671.

Supreme Court of Indiana.

Oct. 11, 1990.

Susan K. Carpenter, Public Defender, M.E. Tuke, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Jane A. Morrison, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

This is a belated appeal from a 1987 jury trial conviction of appellant of the crimes of Burglary, a Class B felony, for which he received a sentence of fifteen (15) years and Theft, a Class D felony, for which he received a sentence of four (4) years, the sentences to run consecutively.

The facts are: On July 31, 1985, Hamilton County Sheriff's Deputy Thomas Gehlhausen received a radio dispatch regarding a robbery at the residence of Carol Durbin and Dan Nelson. The officer observed pry marks on a sliding glass door to the residence and noted that the garage door was open. Durbin told the officer that the garage had been closed and locked when she left home. She advised him that a 1978 yellow Yamaha dirt bike and a tool chest containing several tools were missing. He determined that the tool chest and its contents were owned by Nelson.

In July and August of 1985, Sergeant Carl Caldwell of the Elwood Police Department received information that a motorcycle had been located at the residence of John Keller, Jr. in Gas City, Indiana. That motorcycle subsequently was identified as the one that had been taken from the garage in the Durbin/Nelson home.

Officers interviewed John Howey concerning the motorcycle at the time of its recovery. During the course of the interview, Howey stated that he and Chris Keller had broken into a home and had stolen a motorcycle and a red tool box. However, he could not remember the location of the residence. He indicated that no one had given them permission to possess the motorcycle.

John Keller, brother of appellant, testified that appellant had brought the motorcycle to his residence and that he had no idea that the motorcycle was stolen. At trial, Howey testified that he and appellant had broken into a house and garage on July 31, 1985. He identified pictures of the residence as the one they had burglarized. He stated that to his knowledge they had not had permission to enter the home or to take the motorcycle and the tool box. He further testified that he had received $75 from appellant.

Appellant claims there is insufficient evidence to support the conviction for theft or for burglary. He claims the State failed to prove that he did not have the consent of the owner of the motorcycle and the tool box to possess those items. He also contends that the testimony of Howey was recanted following the trial, which should have caused the trial court to grant his motion to set aside the jury's verdict.

Appellant acknowledges the testimony of Officer Gehlhausen cited above, but he takes the position that Officer Gehlhausen's testimony that the burglarized premises were the home of Carol Durbin and Dan Nelson was hearsay and should not have been admitted. However, he concedes that no objection was made to the hearsay testimony. He also claims that Gehlhausen's testimony that the goods taken were the property of Dan Nelson and were taken without his consent likewise was hearsay.

A material fact at issue may be established by hearsay evidence which is admitted without objection. *Mack v. State*

(1957), 236 Ind. 468, 139 N.E.2d 434. Thus we find there was ample evidence before the jury to establish that the premises burglarized were a place of human habitation, that appellant and his confederate had no permission to enter the premises or to remove the goods therefrom, and that the goods were removed wrongfully.

■ As to appellant's claim that Howey recanted his testimony prior to the ruling on a motion to correct error, we find such claim wholly without merit. In a letter written by Howey to appellant while they were in jail, Howey did state that he was sorry appellant was angry with him because of his testimony. He stated that he had not thought his testimony had hurt appellant that badly and had been surprised when he was convicted. He also stated that he would not be a witness if appellant acquired a new trial and that he had made some mistakes.

However, nowhere in the letter does he recant his testimony that appellant and he had acted in concert in perpetrating the burglary. Despite Howey's protestations to the contrary, it is obvious his testimony, together with other evidence in the case, furnished the jury with ample evidence to find that appellant in fact did commit the burglary and the theft of the motorcycle and tool box.

■ Appellant claims the trial court committed reversible error in failing to grant a mistrial based upon an evidentiary harpoon utilized by the State's witness, A.G. Groover, in violation of a motion in limine. Appellant had obtained a motion in limine preventing the State from discussing other crimes which appellant had committed. During Officer Groover's direct examination, after describing how he had discovered the stolen motorcycle, he was asked:

Q. Okay, what did you do then?

A. The motorcycle, along with other stolen property that was obtained from the John Keller residence was seized and a voluntary statement was given by John Keller.

Appellant contends this statement by the police officer disclosed to the jury that appellant had committed other crimes. We feel this interpretation of the officer's statement is unwarranted in view of the facts of this case. The jury had been told that not only the motorcycle was stolen from the residence but also a tool box with tools. The officer's statement did not say that other stolen property had come from any other source. It would have been logical for the jury to deduce that the officer was alluding to other property stolen in the instant burglary.

■ In order to qualify as an evidentiary harpoon, it must be shown that there was a deliberate use of improper evidence calculated to prejudice a defendant in the eyes of the jury. *Williams v. State* (1987), Ind., 512 N.E.2d 1087. In the case at bar, there was obviously no intentional elicitation of the officer's statement nor did the officer's statement in any way disclose the commission of an unrelated crime by appellant. We fail to see how the denial of the motion placed appellant in a position of grave peril as required by *Williams, supra*. The trial court did not err in refusing to grant appellant's motion for mistrial.

■ Appellant contends the trial court erred by imposing both consecutive and aggravated sentences. He claims the trial court failed to articulate its reasons adequately for the imposition of the sentences. To support his position, appellant cites *Farina v. State* (1982), Ind., 442 N.E.2d 1104, wherein this Court found that a bare recitation by the trial court that the defendant previously had been found a parole violator was not articulated and tied to the case to justify it being used for enhancement. However, in the case at bar, the trial judge found as a reason for enhancement "committing this crime as he's been charged and found guilty of while he was on parole is aggravating circumstances."

In addition, the trial judge found as aggravating circumstances that appellant had a criminal history and was in need of rehabilitation. Appellant's criminal history was set out in the presentence investigation report. We have stated previously that a court may enhance a sentence when the only aggravating factor is a prior criminal

history. *See, e.g., Duvall v. State* (1989), Ind., 540 N.E.2d 34; *Dumbsky v. State* (1987), Ind., 508 N.E.2d 1274. We also have held that a court may use the same aggravating factors to enhance a sentence and to impose consecutive sentences. *Parrish v. State* (1987), Ind., 515 N.E.2d 516. In the case at bar, there are two distinct valid aggravating circumstances. We find the trial court did not err in enhancing appellant's sentences and requiring them to be served consecutively.

■ Appellant also claims his sentence is disproportionate to the ten (10) year sentence which Howey received as a result of a plea bargain. The mere fact that an accomplice receives a lesser sentence does not demonstrate that the trial court abused its discretion in sentencing a defendant. *Games v. State* (1989), Ind., 535 N.E.2d 530, *cert. denied,* — U.S. ——, 110 S.Ct. 205, 107 L.Ed.2d 158. The trial court did not err in rendering a greater sentence to appellant than that which Howey had received.

■ Appellant makes a separate assignment that there is insufficient evidence to support the conclusion that the building which was burglarized was a residence. As previously stated in this opinion, this evidence was presented by the unobjected-to testimony of Officer Gehlhausen; thus the fact that the building was a residence was established by this testimony of the officer, and in addition, we note that this record contains pictures of the residence in question clearly demonstrating it is in fact a residential structure. When this is coupled with the testimony that the structure was the home of Carol Durbin and Dan Nelson, the residential element of burglary has been established. *Mack, supra.*

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.