FRANKLIN COUNTY COMMUNITY SCHOOL CORPORATION, Appellant (Employer Below),

v.

Michael D. BRASHEAR, (Claimant Below),

Review Board of the Indiana Department of Work Force Development, Appellees.

No. 93A02–9410–EX–651.

Court of Appeals of Indiana.

Feb. 9, 1996.

---

Randall C. Helmen, Hume, Smith, Geddes, Green & Simmons, Indianapolis, for appellant.

### OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

The Franklin County Community School Corporation (School Corp.) appeals from the decision of the Unemployment Insurance Review Board (Board) adopting the finding of the administrative law judge (ALJ) that Brashear was eligible for unemployment compensation benefits.

We remand.

### ISSUE

Whether the Board erred in adopting the ALJ's finding.

### FACTS

After following statutory procedure regarding the termination of a permanent teacher with an indefinite contract, the School Corp. terminated Brashear's teaching contract for "immorality and other good and just cause." (R. 126). Thereafter, Brashear applied for unemployment compensation benefits and the School Corp. objected. The deputy determined Brashear was entitled to benefits.

The School Corp. appealed, and a hearing was held before the ALJ. At the hearing, Superintendent William Glentzer testified on behalf of the School Corp. regarding the statutory procedures the School Corp. followed in arriving at its decision to terminate Brashear, including notice to Brashear and a full hearing before the School Corp.'s Board of Trustees. The evidence is without dispute that the School Corp. was represented by its attorney at the hearing before the Board of Trustees, whereas Brashear specifically chose to be represented by a teacher's union representative instead of hiring an attorney. Furthermore, and without objection, Glentzer described the evidence adduced at the hearing before the Board of Trustees indicating Brashear had engaged in sexual conduct many years earlier with student M.B. Specifically, that evidence included a letter from T.H. to the principal of the high school detailing Brashear's ongoing sexual involvement with her then-husband. Also included was a statement signed by B. describing his sexual involvement with Brashear. Both documents, as well as the Board of Trustees'

findings of fact and various other exhibits,[1] were admitted without objection at the hearing before the ALJ.[2] Glentzer also testified that both H. and B. appeared at the hearing before the Board of Trustees and repeated their written allegations, although neither testified at the hearing before the ALJ.

The ALJ issued the following pertinent findings of fact in affirming the deputy's determination that Brashear was entitled to unemployment compensation benefits:

—that the employer has a responsibility to appear before this hearing officer and provide sufficient evidence of probative value to establish that the claimant committed the acts which were held to be grounds for the discharge.

—that the statutory provision pursuant to 640 IAC 1–11–3(d) establishes that hearsay evidence shall not be the sole basis for a decision by an administrative judge.

—that employer offers only hearsay evidence to establish that the claimant committed the act which was held to be "immoral conduct" in violation of his statutorily established duties as a teacher.

—that it is noted, additionally, that the employer may not contend collateral estoppel as effecting [sic] the proceeding herein, in that, the court has established in *Cox v. Indiana Sub–Contractors [Subcontractors] Association, Inc.*[,] 441 N.E.2d 222, (Ind. App.1982), that the appropriateness of collateral estoppel may be in effect only where certain criteria are met including "whether both parties had fair opportunity to litigate the issues."

—that, here, the claimant was not represented at the hearing by legal counsel and that, therefore, it is the opinion of this hearing officer that lack of legal counsel limits the claimant's ability to have a "fair opportunity to litigate."

—that the employer has, therefore, failed to present sufficient evidence of probative value to establish just cause for the discharge.

—that the claimant is, therefore, entitled to benefits under the Act.

(R. 148).

The School Corp. timely appealed the ALJ's determination to the Board, which decided in pertinent part:

Having considered the matter, the Review Board adopts and incorporates by reference thereto the findings of fact and conclusions of law of the Administrative Law Judge and affirms the decision on this 31st day of August, 1994.

(R. 13). This appeal ensued.

## DECISION

The School Corp. first argues the Board erred in adopting the ALJ's findings of fact and conclusions of law because the ALJ erroneously refused to consider the evidence presented at the hearing on the basis that "hearsay evidence shall not be the sole basis for a decision by an administrative law judge."

■ When an appeal involves a question of law, we are not bound by the agency's interpretation of the law but rather determine whether the agency correctly interpreted the law and correctly applied the applicable law. *Szymanski v. Review Bd. Dept. of Workforce Dev.* (1995), Ind.App., 656 N.E.2d 290, 292.

646 IAC 3–12–4(d)[3] provides:

In general, hearsay evidence shall not be considered, but the administrative law judge shall consider all hearsay evidence as would be admissible under common law and statutory rules of evidence of courts in this state. Hearsay evidence which is not subject to a common law or statutory exception with respect to admissibility may

CLAIMANT: No.

---

1. The other exhibits included a copy of the minutes of the Board of Trustees and copies of various letters, all of which were admitted through Glentzer.

2. **JUDGE:** For the record, those are Employer Exhibits 1 through 22. Mr. Brashear, you've had an opportunity to review Employer Exhibits 1 through 22. Do you have objection to any of those exhibits?

3. In its findings of fact, the ALJ refers to 640 IAC 1–11–3(d). 640 IAC 1–11–3 discusses when a referee may consider hearsay evidence. 640 IAC 1–11–3 was transferred and replaced with 646 IAC 3–12–4. Section (d) of that provision discusses the admission of hearsay evidence.

be admitted but shall not be entitled to the same weight in reaching a decision as is direct testimony. Hearsay evidence properly objected to and not falling within a recognized exception and admitted into the record shall not form the sole basis for a decision by the administrative law judge or review board.

■ Thus, only hearsay evidence which has been properly objected to may not form the sole basis for a decision by an ALJ or review board. Here, however, Brashear had an opportunity to review the evidence admitted through Glentzer by the School Corp. and declined to object to it. Therefore, the prohibition against the use of hearsay to form the sole basis of a decision does not apply. After all, our supreme court has long held that a material fact at issue may be established by hearsay evidence which is admitted without objection, *Keller v. State* (1990), Ind., 560 N.E.2d 533, 534.

We find the Board erred in adopting the ALJ's finding that Brashear was eligible to receive unemployment compensation benefits in the absence of evidence other than hearsay and, therefore, remand for findings of fact and conclusions of law based upon a consideration of the hearsay evidence. For that reason, we decline the School Corp.'s invitation to review the sufficiency of the evidence supporting the termination of Brashear's teaching contract.[4] This court retains jurisdiction in this matter.

CHEZEM, J., concurs.

ROBERTSON, J., concurs in result.

---

4. The School Corp. also argues that "[t]he Review Board erred in finding that Michael D. Brashear is not collaterally estopped from disputing the findings of the [Board of Trustees] that Brashear was discharged from his employment for immorality and other good and just cause." Brief of Appellant at 24. The School Corp. then elaborates upon why "the doctrine of collateral estoppel bars Brashear from relitigating the issue of 'just cause' for his termination." Brief of Appellant at 24.

Our review of what the ALJ denominates as his "findings of fact," *supra*, fails to reveal any findings premised upon Brashear's protestations of innocence at the hearing before the ALJ. Furthermore, it is clear the ALJ found Brashear to be eligible for unemployment compensation benefits because he considered the School Corp.'s hearsay evidence to be insufficient to establish just cause. Thus, because the School Corp.'s collateral estoppel issue is irrelevant, we decline to address it.