## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 28 2017, 6:31 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy J. Burns
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Matthew B. MacKenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Brian Darnell Jurbrar Burns,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

June 28, 2017

Court of Appeals Case No.
49A02-1701-CR-4

Appeal from the Marion Superior Court.
The Honorable David M. Hooper, Magistrate.
Trial Court Case No.
49G12-1604-CM-14332

**Shepard, Senior Judge**

[1] Brian Burns appeals his conviction for theft, a Class A misdemeanor,[1] claiming there is insufficient evidence to sustain the conviction. We affirm.

[2] The State's charge against Burns alleged he stole a watch from a jewelry store on April 26, 2016. Burns requested trial by jury, a jury found Burns guilty as charged, and the court imposed a sentence.

[3] To obtain a conviction of theft as a Class A misdemeanor, the State was required to prove beyond a reasonable doubt that Burns (1) knowingly or intentionally (2) exerted unauthorized control (3) over the property of another person (4) with the intent to deprive the owner of any part of the use or value of the property. Ind. Code § 35-43-4-2(a). We will affirm a conviction unless no rational fact finder could have found the defendant guilty beyond a reasonable doubt. *Hampton v. State*, 873 N.E.2d 1074 (Ind. Ct. App. 2007).

[4] Burns argues the State did not prove he was the person who stole the watch. At trial, four eyewitnesses identified Burns as the person in a green trench coat who stole a watch and fled into a nearby mall prior to arrest. Cassandra Smith worked in the jewelry store and noticed Burns standing by a watch display case. When she removed a Bulova watch from the case to show him, Burns grabbed the watch and ran from the store. Smith informed her manager, Keith, who ran after Burns through the parking lot, toward a mall.

---

[1] Ind. Code § 35-43-4-2(a) (2014).

[5] Sarah Koerting was sitting outside near a mall entrance and saw Burns being chased by another man in the parking lot. Koerting recognized Burns because she had seen him in the area before. He was holding a watch or jewelry. The man chasing Burns shouted at Koerting to call 911. Koerting called 911 as the two men entered the mall. Several police officers were dispatched to the mall, including Officer Jeff Krider.

[6] Meanwhile, Aimee Martinie was working at a clothing store in the mall when Burns ran into the store, entered a dressing room, and closed the door. Store employees knocked on the door to see if he needed help, and Burns came out a few minutes later. At that point, Officer Krider and others entered the store and arrested Burns. The officers searched him and discovered a watch in his coat pocket. Krider gave the watch to Keith. Keith returned to the jewelry store with the watch, forty-five minutes after Burns took it and ran.

[7] Burns points out inconsistencies in the witnesses' testimonies, but the inconsistencies were a matter for the jury to resolve. The eyewitness identifications are more than sufficient to sustain the judgment. *See Williams v. State*, 512 N.E.2d 1087 (Ind. 1987) (evidence sufficient to support conviction for theft; factual inconsistencies were matter for jury).

[8] For the reasons stated above, we affirm the judgment of the trial court.

[9] Affirmed.

Kirsch, Mathias, JJ., concur.